HENRY
v.
HENRY.

HENRY and Others *v.* HENRY and Others.

In a proceeding to set aside a will, under the statute of 1852, an appeal lies from the Common Pleas to the Circuit Court.

Section 43 of that act, giving such appeal, is not unconstitutional. The title of the act properly embraces the section, and the provision for an appeal is not special, within the meaning of the constitution.

The provision in question was not repealed by the subsequent act authorizing appeals from the Common Pleas and Circuit Courts.

*Saturday,*
*December 3.*

APPEAL from the *Johnson* Circuit Court.

WORDEN, J.—This was a suit by the appellees against the appellants to set aside the will of *Robert Henry*, deceased. The proceeding was instituted in the Court of Common Pleas, under the provisions of § 39 of the act prescribing who may make a will, &c. 2 R. S. p. 308. In accordance with § 43 of the same act, the cause was appealed by the plaintiffs below to the Circuit Court, where the defendants moved to dismiss the appeal, which motion was overruled and exception taken. The cause was tried, and a verdict found for the plaintiffs, to the effect that the paper purporting to be the will of said *Henry* was not his will, and judgment was entered accordingly, a motion by defendants for a new trial being overruled. .

The first question presented is as to the correctness of the ruling on the motion to dismiss the appeal.

It is insisted that no appeal lies in such case from the Common Pleas to the Circuit Court. Section 43 of the act above cited expressly gives such appeal, and the succeeding section provides that the cause shall be tried in the same manner as if it had been originally commenced in the Circuit Court.

But it is insisted that these provisions of the law are unconstitutional and void, because the right of appeal is a mere matter of practice, and not embraced in the title to the act. The title of the act is as follows: " An act prescribing who may make a will, the effect thereof, what may be devised, regulating the revocation, admission to probate, and contest thereof." This title we think broad

enough to cover all steps provided for in the act relating to the "contest" of wills, including appeals as well as any other step to be taken in such contest. But it is further objected that this provision in reference to appeals is "special," when a general law could be made applicable. It is true, that a general law could be made by which appeals might be taken in all cases from the Common Pleas to the Circuit Court, but such legislation might not be deemed by the legislature wise or salutary. It does not follow that if the legislature would allow such appeal in one class of cases, they must permit it in all cases. A law authorizing such appeal in a particular class of cases is a general law. It operates upon all cases of the class, and is coëxtensive with the boundaries of the state.

It is also claimed that the provision in question is repealed by the general law, passed subsequently, authorizing appeals to the Supreme Court from the Common Pleas and Circuit Courts. 2 R. S. p. 158. This position, we think, is not tenable. There is no inconsistency in these statutes. They may both stand and have full effect. The act concerning wills provides that "any party aggrieved by the decision of such Court (Common Pleas) may appeal therefrom to the Circuit Court of the proper county," &c. The other provides that "appeals may be taken from the Courts of Common Pleas and the Circuit Courts to the Supreme Court, by either party, from all final judgments, except," &c. Here is nothing limiting or taking away the right of appeal from the Common Pleas to the Circuit Court, in cases of contest of wills. Under these provisions, a party in such case may appeal either to the Circuit or Supreme Court in all cases of final judgment.

We are of opinion that the motion to dismiss the appeal was correctly overruled.

The motion for a new trial was based upon supposed errors in the instructions of the Court to the jury. No errors have been pointed out in any of the instructions, except the first, which is as follows, viz.:

Nov. Term,
1859.

HENRY
v.
HENRY.

"To make a valid will, it is necessary that it should be signed by the testator, or his name should be signed to it by some one in his presence by his authority, and the signature should be attested by two witnesses subscribing their names in the testator's presence."

The statute provides that "no will, except a nuncupative will, shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence, with his consent, and attested and subscribed in his presence by two or more competent witnesses," &c. 2 R. S. p. 314, § 18.

The objection made by counsel to the above instruction is, that it "decides that it is not only necessary that the signature should be attested by two witnesses, but that it should be proved by two witnesses."

We do not understand the charge as meaning that the signature of the testator to the will must be proven by two witnesses, but simply that the execution of the will must be attested by two witnesses. But if the charge was likely to leave the impression on the minds of the jury that it was necessary to prove the signature of the testator to the will by two witnesses, the matter was set entirely right by another charge subsequently given, as follows:

"If, however, the testator had, in fact, signed the will before the witnesses subscribed it, that is sufficient, notwithstanding one of the subscribing witnesses might state that the will was not signed by the testator before he signed it, or afterwards to his knowledge."

We are of opinion that there is no error in the record, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*G. M. Overstreet* and *A. B. Hunter*, for the appellants.

*F. M. Finch*, for the appellees.